UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DEBRA ROBBERSTAD,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Case No. 6:12-cv-00253-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff Debra Robberstad seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision must be reversed and remanded for further proceedings.

**STANDARDS**

    A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

OPINION AND ORDER - 1

has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater,* 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the

OPINION AND ORDER - 2

Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was fifty-five years old on her alleged disability onset date of November 1, 2006. She has a high school diploma and was previously employed as a data entry clerk, a receptionist, and an in-home caregiver before her alleged disability onset date. Plaintiff applied for DIB on May 31, 2007. Plaintiff's application was denied initially and upon reconsideration. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on April 13, 2010. The ALJ heard testimony from plaintiff, who was represented by counsel, and an independent vocational

expert (VE).

On September 9, 2010, the ALJ issued a decision denying plaintiff's application for benefits. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 20, Finding 2.[1] At step two, the ALJ found that plaintiff suffered from the medically determinable severe impairments of obesity and left shoulder bursitis. Tr. 20, Finding 3. The ALJ found that plaintiff's sleep apnea, lower extremity edema, history of pulmonary hypertension, fibromyalgia syndrome, and low back pain were non-severe impairments. Tr. 25, Finding 3. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 25, Finding 4.

The ALJ then determined that plaintiff had the RFC to perform light work with the following limitations: she is restricted from climbing ladders, ropes, or scaffolds; she is limited to occasional climbing of ramps or stairs; she is able to frequently balance, stoop, crouch, crawl, and kneel; and she should avoid concentrated exposure to inhaled irritants. Tr. 25, Finding 5. Based on plaintiff's RFC and testimony from the VE, the ALJ found that plaintiff was capable of performing her past work as a data entry clerk, receptionist, and clerk typist. Tr. 25-26, Finding 6. Because the ALJ concluded that plaintiff could perform her past relevant work, the ALJ did not make a step five finding and determined that plaintiff was not disabled. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

---

[1] "Tr." refers to the Transcript of the Administrative Record.

## DISCUSSION

Plaintiff asserts that the ALJ erred at step two of her analysis by concluding that plaintiff's lumbar disc disease and resultant low back pain were non-severe impairments. Plaintiff also contends that the ALJ erred by not giving full weight to the testimony of several lay witnesses who testified on plaintiff's behalf. This court agrees that the ALJ's failure to adequately discuss the lay witness testimony compels a remand.

1.   **Alleged error at step two**

In step two of the disability determination, an ALJ must determine whether the claimant has a medically severe impairment or combination of impairments. *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011). An impairment or combination of impairments is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities, such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. 20 C.F.R. § 404.1521. An impairment should be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (citations omitted). The step two inquiry is meant merely as a *de minimus* screening for groundless claims, so a finding of non-severity must be based on clearly established medical evidence. *Id.* at 687 (citation omitted). Thus, this court must determine whether substantial evidence supports the ALJ's conclusion that the medical evidence clearly established that plaintiff's lumbar spine condition and resultant back pain were not medically severe impairments. *Id.* (citing SSR 85-28).

OPINION AND ORDER - 5

In her Findings of Fact, the ALJ concluded that plaintiff's complaints of back pain were unsupported by the medical evidence. The ALJ noted that very few of plaintiff's medical records documented any back pain, the most relevant records pertained to the brief period between November 2002 through January 2003, and those records only showed mild disc bulging with no impingement at the nerve roots. Tr. 24; Tr. 422, 429-34. This finding is also supported by Dr. Claudia Martin's December 2002 neurosurgery consultation. Tr. 430-31. During Dr. Martin's examination, she noted no nerve impingement in plaintiff's spine, no tenderness in the lumbar region, normal rotation of the spine, and no change in plaintiff's ambulation. *Id.* Doctor Martin opined that plaintiff's reported pain was possibly due to inflammation at the nerve root, so she prescribed a muscle relaxant and anti-inflammatory medication. Tr. 431. She did not believe a follow-up was necessary and advised plaintiff to exercise. *Id.* Substantial evidence in the record also supports the ALJ's finding that more recent treatment records indicated normal results, and that plaintiff did not seek any treatment for her back pain from early 2003 until 2010.

In January of 2010, plaintiff sought treatment at Northwest Human Services with Meghan Seeley, FNP for her osteoarthritis, hypertension, and back pain. Tr. 414. Plaintiff explained that her back pain had been worsening over the past year and radiating into her left leg and buttock. Tr. 414-15. The physical exam revealed tenderness and a paravertebral muscle spasm, but with negative straight leg raising. Tr. 415. Seeley prescribed an anti-inflammatory. *Id.* Contrary to plaintiff's assertion, this single treatment record is consistent with plaintiff's prior records indicating mild low back pain and supports the ALJ's conclusion that her back pain has no more than a minimal affect on her ability to work. Accordingly, this court finds no error at step two.

### 2. Lay testimony

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work, the claimant's limitations, and his or her symptoms. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (citations omitted). Such testimony cannot be disregarded unless the ALJ provides specific reasons germane to each lay witness. *Id.* at 1115. The ALJ may not discredit lay witness testimony solely because the claimant's medical records do not corroborate the restrictions described by the lay witness. *Id.* at 1116 (citing *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)).

Here, the ALJ briefly described statements from several of plaintiff's friends and family members regarding plaintiff's limitations, but never specified what weight she gave to each statement. Tr. 21-22. Instead, the ALJ made a general finding that both plaintiff's allegations and the statements offered by the lay witnesses "must be corroborated by medical evidence that supports such limitations in order to be given full credit [and the] medical record simply does not provide a basis for [plaintiff's] allegations of pain or functional limitation." Tr. 22. The ALJ's statement does not provide specific or germane reasons for discrediting each lay witness statement, and relies on a lack of medical evidence, which is an improper basis for rejecting lay witness testimony. *Bruce*, 557 F.3d at 1116. Although defendant suggests that the ALJ may have rejected the lay witness statements because they were inconsistent with plaintiff's reported daily activities, such a finding is absent from the ALJ's opinion and is contradicted by the ALJ's finding that plaintiff's sister's description of plaintiff's activities echoed plaintiff's own reports. Tr. 22. This court therefore concludes that the ALJ erred in its rejection of the lay witness statements.

OPINION AND ORDER - 7

Failure to discuss lay witness testimony, however, does not constitute prejudice *per se* requiring reversal of the ALJ's decision. *Molina v. Astrue*, 674 F.3d 1104, 1121-22 (9th Cir. 2012). Rather, the Ninth Circuit applies the harmless error rule to determine whether the ALJ's failure to discuss the lay witness testimony was "inconsequential to the ultimate nondisability determination" in the context of the record as a whole. *Id.* at 1122. Accordingly, this court may excuse an error as harmless only if "it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

The statements from plaintiff's friends, family members, and former employers describe daily activities and functional limitations that are consistent with the limitations identified by plaintiff. *See* Tr. 207-14, 233-37, 276. The statements describe plaintiff's decreased activity due to pain and difficulty breathing, as well as plaintiff's fatigue and the need to rest during physical activities. *Id.* Plaintiff testified to the same limitations, but her testimony was rejected by the ALJ based on her inconsistent statements to medical providers and her mild to normal examination findings. Tr. 22-24.

After reviewing the record, this court concludes that the ALJ's failure to adequately explain why she rejected the lay witness statements cannot be excused as harmless error. Although plaintiff has not challenged the ALJ's credibility determination, the reasons cited for discrediting plaintiff's testimony cannot support the ALJ's rejection of the lay witnesses' testimony. *Cf. Molina*, 674 F.3d at 1121-22 (holding that no reversible error exists in the ALJ's decision if "the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims") (citing *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir.

OPINION AND ORDER - 8

2011)). As discussed, an ALJ may not discredit a lay witness based on a lack of medical evidence. Additionally, this court does not believe that plaintiff's allegedly inconsistent reporting to medical providers should taint the credibility of the lay witnesses' observations of plaintiff's limitations. Rather, if the ALJ had fully credited the lay witness statements, she may have been able to resolve the alleged inconsistencies in plaintiff's testimony, or find support for plaintiff's reported limitations. Accordingly, this court cannot conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination. *See Stout*, 454 F.3d at 1053.

### 3. Remedy

When an ALJ's denial of benefits is not supported by the record, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal quotation marks omitted). Remand for further proceedings is appropriate where outstanding issues exist that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

In this case, the ALJ improperly rejected lay witness testimony without providing specific and germane reasons. Even if the court fully accepted the lay witness statements, the record does not establish that plaintiff is disabled. This court therefore concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Upon remand,

OPINION AND ORDER - 9

the ALJ shall address the weight given to each lay witness statement, and may reconsider the credibility of plaintiff's testimony in light of the lay witness statements.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Debra Robberstad's application for disability benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this 31 day of January, 2013.

                                           Ancer L. Haggerty
                                           United States District Judge